UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MATTHEW HOUSTON,

                           Plaintiff,

     v.

STATE OF NEVADA, *et al.*,

                        Defendants.

Case No. 2:19-cv-01472-APG-DJA

**ORDER**

On August 7, 2020, I issued an order dismissing the complaint with leave to amend and directed plaintiff Matthew Houston to file an amended complaint by September 11, 2020. ECF No. 20. It is now six weeks past that deadline and Houston has not filed an amended complaint or otherwise responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for those reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order requiring Houston to file an amended complaint within 30 days expressly stated: "I further order that, if Houston fails to file an amended complaint curing the deficiencies outlined in this order by **September 11, 2020**, this action will be dismissed without prejudice." ECF No. 20 at 5. Thus, Houston had adequate warning that dismissal would result from his noncompliance with my order.

I therefore order that this action is dismissed without prejudice based on plaintiff Matthew Houston's failure to file an amended complaint in compliance with my August 7, 2020, order.

I further order the Clerk of Court to enter judgment accordingly.

DATED THIS 26th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE