UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW HOUSTON, | Case No.: 2:19-cv-01472-APG-DJA |
| Plaintiff | **Order** |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants | |

Plaintiff Mathew Houston initiated this action in August 2019. ECF No. 1.  In August 2020, I dismissed the complaint without prejudice, and with leave to amend. ECF No. 20.  I gave Houston until September 11, 2020 to file an amended complaint, and warned Houston that if he failed to file an amended complaint, the case would be dismissed without prejudice. *Id.* at 4-5. Houston did not file an amended complaint, so on October 26, 2020 I dismissed the case without prejudice. ECF No. 21.

On September 8, 2022, almost two years after this case was closed, Houston moved to set aside the dismissal order. ECF No. 26.  Houston has filed several more motions to set aside the dismissal order or reopen the case. ECF Nos. 27, 31, 35, 36.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment or order for various reasons.  But a "motion under Rule 60(b) must be made within a reasonable time," and for most reasons no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)

In his initial motion, Houston argues that the dismissal order should be set aside because the damages inflicted on him are exponential and have been ongoing since September 2016. ECF

No. 26 at 1.  This is not a valid basis to set aside the dismissal order.  Houston's filings are difficult to understand, but none of his other motions appears to provide a valid basis to set aside the dismissal order. *See* ECF Nos. 27, 31, 35, 36.  To the extent that the motions can be liberally construed as requesting relief based on excusable neglect for Houston's failure to file an amended complaint, the motions are time-barred because they came more than one year after the dismissal order.

Furthermore, courts examine several factors to determine whether a party's omission should be considered excusable neglect, including the danger of prejudice to the other party, the length and impact of the delay on judicial proceedings, the reason for delay and whether it was reasonably within the party's control, and whether the party acted in good faith. *Briones*, 116 F.3d at 381.  Even if Houston's motions were not barred by the one-year time limit, the motions do not provide any basis to find that Houston's failure to file an amended complaint constituted excusable neglect.  Accordingly, I deny his motions.

I note that this case was dismissed without prejudice.  Thus, if Houston believes that he has valid claims, he may pursue those claims in a new action.

I therefore order that Houston's motions to set aside the dismissal order and reopen this case **(ECF Nos. 26, 27, 31, 35, 36) are denied**.

Dated: November 4, 2022

_____
U.S. District Judge